251

**No. 67098.**—Biddle Purchasing Co. et al. *v.* United States, protests 62/11549, etc. (Norfolk).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *Falcon Sales Company* and *J. J. Murphy & Co.* v. *United States* (47 Cust. Ct. 129, C.D. 2292), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, OCTOBER 2, 1962

**No. 67099.**—Raleigh Industries of America, Inc., and Hercules Division, American Machine & Foundry Co. *v.* United States, protests 62/2480 and 62/2489 (Seattle).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiffs was sustained.

**No. 67100.**—Daido Corporation et al. *v.* United States, protests 328997–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of bicycle horns and sirens similar in all material respects to those the subject of *G. Joannou Cycle Co., Inc.* v. *United States* (46 Cust. Ct. 172, C.D. 2253), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, OCTOBER 9, 1962

**No. 67101.**—Hub Distributors, Inc. *v.* United States, protest 60/23805 (Boston).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, OCTOBER 10, 1962

**No. 67102.**—Laco Trading Co. v. United States, protest 58/7990 (Los Angeles).

OLIVER, Chief Judge: This protest relates to certain merchandise, described on the invoice as "'OPLEN' Viewers model II" and assessed with duty at the rate of 45 per centum ad valorem under paragraph 228(b) of the Tariff Act of 1930, as optical instruments, not specially provided for. The case was the subject of our decision in *Laco Trading Co.* v. *United States*, 45 Cust. Ct. 336, Abstract 64769, wherein plaintiff's claim for classification of the merchandise under the provision for microscopes, not specially provided for, valued under $25 each, in paragraph 228(b) of the Tariff Act of 1930, as modified by T.D. 53865 and T.D. 53877, was overruled.

This protest comes before us at this time, pursuant to plaintiff's motion for rehearing which was granted (*Laco Trading Co.* v. *United States*, 45 Cust. Ct. 397, Abstract 64984), "solely for consideration of plaintiff's claim for classification of the merchandise under paragraph 353 of the Tariff Act of 1930" (order of December 21, 1960), which claim was not "relied on," as stated in counsel's brief in the original presentation of the case. Hence, we adhere to our original decision, Abstract 64769, *supra*, excluding the merchandise from the provision for microscopes in paragraph 228(b), as modified, *supra*, and limit the present discussion to plaintiff's claim for classification under paragraph 353, as modified by T.D. 52739, which, so far as pertinent, reads as follows:

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

 \*     \*     \*     \*     \*     \*     \*

 Other (\* \* \*) _____ 13¾% ad val.

In our previous decision, Abstract 64769, *supra*, the article under consideration was described as follows:

The merchandise in question is a familiar item of photographic equipment. It is a viewer—bought and sold as such—that is designed, and exclusively used, for viewing color photographs fitted in a cardboard frame, the overall dimensions of which are 2 inches by 2 inches. Examination of the sample photograph slide in evidence (plaintiff's exhibit 3) shows that the color transparency is 1½ inches long by 1 inch wide, and that it is securely fitted into a cardboard frame, 2 inches square. Essential to the functioning of the viewer in question are the